IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| FARACA PONDER, MELINDA E. BARNES and MARSHA LOYAL, <br><br> Plaintiffs, <br><br> v. <br><br> JOSHUA L. PATTON d/b/a CENTRAL SPORTS CAFE, <br><br> Defendant. | CIVIL ACTION <br><br> FILE NO. 1:13-cv-03579-SCJ |

## RESPONSE TO MOTION FOR WRIT OF ATTACHMENT AND FOR WRIT OF SEQUESTRATION

COMES NOW the Defendant Joshua L. Patton d/b/a/ Central Station Care and hereby responds to Plaintiffs' Motion for Writ of Attachment and for Writ of Sequestration as follows:

### Statement of Facts

On January 9, 2015, an Order was entered granting the Parties' Motion to Approve Consent Judgment. The Consent Judgment entered against Joshua L. Patton d/b/a Central Station Sports Café provided for back pay, liquidated damages and attorneys' fees in specific sums.

1

On October 7, 2016, the Court issued an Order granting Plaintiff's Motion for a Writ of Attachment. In the Order, the Court directed the individual Defendant Joshua Patton to convey his membership interest in the three limited liability companies[1] to the Plaintiffs. The limited liability companies are the owners of certain parcels of real estate. The limited liability companies are not parties to this litigation. The Court further directed that the Plaintiffs sell the assets of the limited liability companies to satisfy the judgment with any residual money being returned to the individual Defendant.

As set forth more fully below, under the Georgia Limited Liability Act, judgment creditors have only the rights of an assignee of a limited liability interest and such rights do not include the right to sell, exchange, lease or otherwise transfer the assets of the limited liability company. Inasmuch as the Court's order was contrary to Georgia law, Defendant filed a Notice of Appeal on November 3, 2016. A supersedeas bond was neither requested nor posted and Defendant is without funds to pay for such a bond. (See Ex. "1" hereto). The primary issue on appeal is the propriety of the order to sell the assets of limited liability companies which are not parties to this matter and as to which no judgment has been entered.

Plaintiffs now move the Court to issue a Writ of Attachment and Writ of Sequestration on Defendant's interests in the three limited liability companies.

---

[1] J. L. Patton Properties, LLC; J. M. Patton Enterprises, LLC and J. McArthur Patton Properties LLC.

Defendant respectfully requests that the motion be denied. Defendant further respectfully requests that, pending disposition of the appeal, the Court issue an Order staying the October 7, 2016 Order.

## Argument and Citation of Authority

1. **The Judgment Creditor's Rights are Limited to the Future Stream of Distributions.**

The Georgia Limited Liability Company Act specifically sets out the rights of judgment creditors of a LLC member. *O.C.G.A. §14-11-504(a)* provides that a court may charge the limited liability company interest of a member with the payment of an unsatisfied judgment. However, the rights of a judgment creditor are limited to the rights of an assignee of membership interests. A judgment creditor has no membership rights or rights to participate in the management of the limited liability company. Mahalo Investments III, LLC v. First Citizens Bank & Trust, 330 Ga. App. 737 (2015). A judgment creditor's right is limited to the future stream of distributions which might become payable to the judgment debtor LLC member. Mahalo, supra.; See, L. Andrew Immerman, The Georgia LLC Act Comes of Age, Georgia Bar Journal, Vol. 21, Aug. 2010.

In the instant case, the judgment creditors are seeking to attach the assets of the non-party limited liability companies, the parcels of real estate. While there may be authority to attach a judgment debtor's interest in a limited liability

company, there is no authority permitting a judgment creditor to attach the real estate or any other assets belonging to the non-party limited liability company itself.

### 2. Judgment Creditors of a Limited Liability Member are not Authorized to Sell Real Property Owned by the Limited Liability Companies.

*O.C.G.A. §14-11-308(b)(3)* states that unless provided otherwise by a written operating agreement, a unanimous vote of the members of a limited liability company is necessary to sell or transfer substantially of the assets of the limited liability company.

Thus, it is clear unanimous consent of the members is necessary for a limited liability company to sell substantially all of the LLC's assets. It is equally clear that by virtue of a charging order, judgment creditors do not become members or have the rights of limited liability company members, do not have the ability to unanimously consent and therefore do not have the right to sell real property of the limited liability company.

As previously stated, judgment creditors may obtain only a limited interest in the future stream of distributions. The management and management decisions, including sales of assets, remain with the member and managers of the limited liability company.

Applying the foregoing to the instant case, Defendant respectfully submits

the October 7, 2016 Order of the Court exceeded the rights allowed to judgment creditors under Georgia law. The judgment creditors of an LLC member do not have the right to sell the assets of the non-party limited liability company.

### 3. Permitting the Sale of Assets of Non-Parties Would Cause Irreparable Harm to the Limited Liability Companies.

In their Motion, Plaintiffs note out that Defendant has not posted a supersedeas bond and therefore the execution activities are not stayed pending appeal. Defendant shows that the most significant relief granted in the October 7, 2016 order was not against the Defendant/Judgment Debtor but against the non-party LLC's. It is the property and assets of the LLC's which was ordered sold to satisfy the judgment not that of the Defendant. If the real property sales go forward, the non-party LLC property owners with suffer irreparable harm.

Moreover, Defendant shows that as non-parties, the LLC's do not have the standing to post a supersedeas bond and requiring them to do so would be an abuse of discretion. Gaslowitz v. Stabilis Fund I LP, 331 Ga. App. 152 (2015).

Finally, Defendant shows that he is currently employed, however, his net income from employment is $406 per week. As shown in his Affidavit, Defendant cannot afford to pay for a supersedeas bond.

Plaintiffs have not moved to require that a supersedeas bond be posted by Defendant. Even had such a motion be made, pursuant to FRCP 62(f) and

O.C.G.A. §5-3-22(b) due to his indigence, Defendant should be excused from procuring a supersedeas bond.

## Conclusion

Based upon the foregoing, Defendant respectfully submits Plaintiffs' Motion should be denied and that the Court's October 7, 2016 Order and all further attempts at execution should be stayed pending the disposition of the matter on appeal.

Pursuant to L& 7.1 NDGa, the undersigned counsel certifies that the within and foregoing response was prepared using 14 point Times New Roman, one of the font and point selections that the Court has approved in LR 5.1B, NDGa.

Respectfully Submitted.

This __2nd__ day of __December__, 2016.

s/ David M. Kupsky
David M. Kupsky

50 Polk Street
Marietta, Georgia 30064
(678) 401-8894
david@kupskylaw.com

STATE OF GEORGIA
COUNTY OF FULTON

## AFFIDAVIT OF JOSHUA M. PATTON

Personally appeared before me, the undersigned officer, duly authorized to administer oaths, JOSHUA M. PATTON, who, upon being duly sworn, deposes and states as follows:

1.

I am of the age of majority and suffer no legal disability.

2.

I voluntarily make this affidavit of my own personal knowledge

3.

I am employed and I make a net of $406.00 per week.

4.

I do not have any money to pay for a supersedeas bond.

5.

To the best of my knowledge the only assets owned by J. L. Patton Properties, LLC; J. M. Patton Enterprises, LLC and J. McArthur Patton Properties LLC are parcels of real estate.



EXHIBIT
1

Further Affiant saith not.

This 2 day of December, 2016.

                                                          Joshua M. Patton

Sworn to and subscribed before me
this 2 day of December, 2016.

NOTARY PUBLIC
(SEAL)

SHARON E. LEVI
NOTARY PUBLIC
Douglas County
State of Georgia
My Comm. Expires Apr. 20, 2018

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the date shown, I electronically filed the within and foregoing Response to Motion for Writ of Attachment and Writ of Sequestration with the Clerk of the Court using the CM/ECF system, which will automatically send e mail notification of such filing to all counsel of record.

    This __2nd__ day of __December_____, 2016.

                                      s/ David M. Kupsky
                                      David M. Kupsky

50 Polk Street
Marietta, Georgia 30064
(678) 401-8894
david@kupskylaw.com

7